# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PAYCARGO FINANCE LP,

      Plaintiff,

CASE NO.: 1:21-cv-21954

vs.

HUDSON INSURANCE COMPANY,

      Defendant,

and

SEVEN SEAS SPIRIT, INC. d/b/a,
SEVEN SEAS YACHT TRANSPORT

      Nominal Defendant.

_____/

## COMPLAINT

Plaintiff PAYCARGO FINANCE, LP ("Plaintiff" or "PCF") hereby sues Defendant HUDSON INSURANCE COMPANY ("Defendant" or "Hudson") and Nominal Defendant SEVEN SEAS SPIRIT, INC. d/b/a SEVEN SEAS YACHT TRANSPORT ("Seven Seas") and alleges:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff PayCargo Finance, LP is a Delaware limited partnership authorized to transact business within the state of Florida, and with its principal place of business in Miami-Dade County, Florida.

2. Defendant Hudson Insurance Company is a Delaware corporation with its principal place of business in the state of New York. Hudson is authorized to transact business in the state of Florida.

1

3. Nominal Defendant Seven Seas is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1352 insofar as this action seeks to recover on a surety bond required by the Shipping Act. *See* 46 U.S.C. § 40902.

5. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in Miami-Dade County, Florida. Specifically, this claim arises from Hudson issuing a surety bond in favor of Seven Seas, whose principal place of business is in Miami-Dade County, Florida and it also arises from a judgement which was entered against Seven Seas in state court proceedings in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff provides short term financing in the form of a short-term credit in connection with PayCargo, a system which facilitates the processing and settlement of payments to a network of vendors within the transportation and logistics industry.

7. On behalf of the borrower, Plaintiff pays the vendor upfront and then, 30 days later, debits the borrower's bank account for the amount of the freight transaction plus a fee. Plaintiff's financing provides credit to payers by advancing the funds in connection with a transaction to allow for prompt payment to PayCargo's network of vendors. This allows vendors to release cargo faster, often the same day, because they do not need to wait for payment to clear from the payers and because PayCargo guarantees payment.

8. Seven Seas agreed to receive the benefit of PCF's financing and utilized PCF's services in connection with invoices paid through PayCargo.

9. PCF advanced $40,000.00 to pay CMA CGM Group and $3,275.00 to Crowley Puerto Rico Services on behalf of Seven Seas. Both CMA CGM Group and Crowley Puerto Rico Services are maritime shipping companies. Both transactions are identified by a Bill of Lading number in the PayCargo system. [Invoice #1845] (attached as **Exhibit A**); [Invoice #1846] (attached as **Exhibit B**)

10. To recover the advanced funds as well as additional fees relating to the transaction, PCF attempted to debit Seven Seas' account via ACH payment on the following dates and in the following amounts pursuant to the terms of PCF's agreement with Seven Seas:

   i. $3,345.50 on or about April 16, 2020, which was returned due to "insufficient funds"; and

   ii. $40,805.00 on or about April 17, 2020 which was returned due to "insufficient funds."

11. Based on these returns, Plaintiff filed a lawsuit in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. *See PayCargo Finance, LP v. Seven Seas Spirit, Inc.*, Case No. 2020-013810 CA 01 (Fla. 11th Jud. Cir. Ct.) (the "State Court Lawsuit").

12. The State Court Lawsuit alleged causes of action based on: (i) Florida Statute § 68.065; (ii) breach of contract; and (iii) unjust enrichment.

13. On October 1, 2020, a Default Final Judgment was entered in favor of Plaintiff and against Seven Seas in the amount of $176,602.00.[1] [Default Final Judgment] (attached as **Exhibit C**). A Corrected Default Final Judgment for that same amount was entered on May 21, 2021. [Corrected Default Final Judgment] (attached as **Exhibit D**).

---

[1] The damage amount is based on Florida Statute § 68.065's allowance for treble damages in addition to the amount owing on a payment instrument.

14. During the relevant timeframe, Seven Seas was licensed as a Non-Vessel-Operating Common Carrier ("NVOCC") with the Federal Maritime Commission ("FMC").

15. An NVOCC is a form of "ocean transportation intermediary" or "OTI" -- essentially "middlemen" within the maritime shipping industry. An NVOCC performs the services of an ocean carrier except without operating the vessels themselves by buying services from ocean carriers.

16. The Shipping Act requires NVOCCs to obtain a surety bond to pay, among other things, "any claim against an ocean transportation intermediary arising from its transportation-related activities" and "any judgment for damages against an ocean transportation intermediary arising from its transportation-related activities…" 46 U.S.C. § 40902.

17. During the relevant timeframe, Seven Seas had an NVOCC bond through Defendant Hudson Insurance Company. The bond was assigned Bond Number 10097574 and was in the amount of $75,000.00 (the "Surety Bond").

18. Plaintiff first made a claim against the Surety Bond on or about April 28, 2020. [April 28, 2020 Letter] (attached as **Exhibit E**). The claim was initially denied due to the lack of a "judgment against the bond principal…" [May 18, 2020 Letter] (attached as **Exhibit F**).

19. Despite a judgment not being necessary for such a claim, in an effort to resolve the dispute without litigation, after Plaintiff obtained the Default Final Judgment against Seven Seas, it renewed its claim with Hudson.

20. On March 23, 2021, counsel for Hudson advised that Hudson now intended to deny the claim because Seven Seas has represented that PCF only functioned as a "finance company" and "no NVOCC or transportation services were provided to PayCargo Finance" unless PCF could provide authority to support its claim. [March 23, 2021 Email] (attached as **Exhibit G**).

21. On April 27, 2021, PCF provided a detailed analysis explaining why Hudson/Seven Seas' position misunderstood the requirements of the Shipping Act. [April 27, 2021] (attached as **Exhibit H**).

22. Hudson never responded to the April 27, 2021, suggesting that it would not be changing its position in response to the analysis provided by PCF. Moreover, Hudson has already taken longer than the time afforded by 46 CFR § 515.23 to take such a position, and thus the issue is now ripe for litigation.

23. Plaintiff has retained the undersigned counsel to bring this action and has agreed to pay for reasonable attorney's fees and costs incurred.

24. All conditions precedent to the filing of this action have occurred or have been performed, waived, satisfied or excused.

## COUNT I
## BREACH OF CONTRACT

25. Plaintiff hereby incorporates Paragraphs 1 through 24 above, as if fully alleged herein.

26. Hudson and Seven Seas entered into a contract in the form of the Surety Bond.

27. Plaintiff does not have a copy of the bond agreement between Seven Seas and Hudson but intends to obtain a copy of same through the discovery process.

28. Such an agreement would presumably follow Form FMC-48 issued by the FMC, and otherwise conform to the requirements of both the Shipping Act and associated FMC regulations. [Form FMC-48] (attached as **Exhibit I**).

29. Because Plaintiff was both affected by the actions Seven Seas' transportation-related activities and also obtained a judgment against Seven Seas arising from Seven Seas' transportation-related activities, Plaintiff is an intended third-party beneficiary of the Surety Bond.

30. Hudson breached its obligations to Plaintiff for failing to pay Plaintiff's claim and judgment from the Surety Bond.

31. Plaintiff has been damaged as a result of Hudson's breach.

32. Because Seven Seas is a party to the Surety Bond agreement, it is being joined as a nominal defendant to this cause of action.

WHEREFORE, Plaintiff PayCargo Finance, LP hereby demands a judgment against Defendant Hudson Insurance Company for the full amount of the Surety Bond, an award of attorney's fees and costs, and any other relief which the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: May 25, 2021.

> XANDER LAW GROUP, P.A.
> One N.E. 2nd Avenue, Suite 200
> Miami, Florida 33132
> Tel: (305) 767-2001
> Fax: (855) 926-3370
> wayne@xanderlaw.com
> service@xanderlaw.com
>
> By:   /s/Wayne R. Atkins
>          WAYNE R. ATKINS
>          Fla. Bar No. 84000